COURT TERMS
CIRCUIT COURT
1ST MONDAY JANUARY
1ST MONDAY MARCH
1ST MONDAY MAY
1ST MONDAY JUNE
1ST MONDAY SEPTEMBER
1ST MONDAY NOVEMBER

SECOND DISTRICT
CIRCUIT
4TH MONDAY JANUARY
2ND MONDAY JULY
4TH MONDAY SEPTEMBER

**Office of the Circuit Court**
**Hinds County**

**Zack Wallace Circuit Clerk**
www.hindscountyms.com

COURT TERMS
COUNTY COURT
2ND MONDAY
EACH MONTH

SECOND DISTRICT
COUNTY

2ND MONDAY MARCH
2ND MONDAY JUNE
2ND MONDAY SEPTEMBER
2ND MONDAY DECEMBER

**TASHI CATCHINGS**                                    **PLAINTIFF**

**VS**                                                    **NO.  23-348**

## MANHATTAN NURSING AND REHABILTATION CENTER AND ET AL
**DEFENDANTS**

### CLERK'S CERTIFICATION

I, **Zack Wallace, Clerk of Hinds County, Mississippi**, hereby certify that the attached are

true and correct copies of all papers filed in the above styled and numbered cause, as of this

date the same is of record in this office to wit: Entire file

**GIVEN UNDER MY HAND AND SEAL** of office this the  June 23, 2023



**Zack Wallace, Circuit Clerk, Hinds County**

By **Kelly Cauthen**          **D.C.**

FIRST DISTRICT - JACKSON OFFICE
P.O. BOX 327 JACKSON, MS 39205
PHONE: 601-968-6628 FAX: 601-973-5547

SECOND DISTRICT - RAYMOND OFFICE
P.O. BOX 999 RAYMOND, MS 39154
PHONE:601-857-8038 FAX:601-857-0535

**Mississippi Electronic Courts**
**Seventh Circuit Court District (Hinds Circuit Court - Jackson)**
**CIVIL DOCKET FOR CASE #: 25CI1:23-cv-00348-DHG**

CATCHINGS v. MANHATTAN NURSING AND REHABILITATION CENTER LLC et al
Assigned to: Debra H. Gibbs
Cause: Civil Case

**Upcoming Settings:**

None Found

Date Filed: 06/21/2023
Current Days Pending: 2
Total Case Age: 2
Jury Demand: None
Nature of Suit: Negligence - General (181)

**Plaintiff**

**TASHI CATCHINGS**
*INDIVIDUALLY AND ON BEHALF OF AND FOR THE USE AND
BENEFIT OF THE WRONGFUL DEATH AND BENEFICIARIES OF
EVA ERVIN*

represented by **Richard Paul Williams, III**
Williams Newman Williams, PLLC
Post Office Box 23785
JACKSON, MS 39225
601-949-5080
Fax: 601-949-3358
Email: paul@wnwlegal.com
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**MANHATTAN NURSING AND REHABILITATION CENTER
LLC**

**Defendant**

**AURORA CARES LLC**

**Defendant**

**LPN HATTIE FRISON**

**Defendant**

**UNIDENTIFIED ENTITIES 1-10**

**Defendant**

**JOHN DOES 1-10**
*AS TO MANHATTAN FACILITY*



**STATE OF MISSISSIPPI, COUNTY OF HINDS**
I, Zack Wallace, Clerk of the Circuit Court in and for the said State
and County do hereby certify that the above and foregoing is a true
and correct copy of the original    FILE
and the same is of record in this office in    MCC
Book No. 23-378    at page 1-7
Given under my hand and the seal of the Circuit Court
this the 23rd day of    20 23.
                                    Zack Wallace, Circuit Clerk
BY                                                        D.C.

| Date Filed | # | Docket Text |
|---|---|---|
| 05/19/2023 | 1 | Civil Case Filing Fee: $161.00, Method of Payment: Check, Check No. 9654, Paid By: WILLIAMS NEWMAN WILLIAMS, Remarks: n/a. (KB) [Transferred from Hinds - County First on 6/21/2023.] (Entered: 05/19/2023) |
| 05/19/2023 | 2 | COMPLAINT against AURORA CARES LLC, HATTIE FRISON, JOHN DOES 1-10, MANHATTAN NURSING AND REHABILITATION CENTER LLC, UNIDENTIFIED ENTITIES 1-10, filed by TASHI CATCHINGS. (Attachments: # 1 Civil Cover Sheet,) (KB) [Transferred from Hinds - County First on 6/21/2023.] (Entered: 05/19/2023) |
| 05/19/2023 | 3 | SUMMONS Issued to MANHATTAN NURSING AND REHABILITATION CENTER LLC. (KB) [Transferred from Hinds - County First on 6/21/2023.] (Entered: 05/19/2023) |
| 05/19/2023 | 4 | SUMMONS Issued to MANHATTAN NURSING AND REHABILITATION CENTER LLC. (KB) [Transferred from Hinds - County First on 6/21/2023.] (Entered: 05/19/2023) |
| 05/19/2023 | 5 | SUMMONS Issued to AURORA CARES LLC. (KB) [Transferred from Hinds - County First on 6/21/2023.] (Entered: 05/19/2023) |
| 05/19/2023 | 6 | SUMMONS Issued to HATTIE FRISON. (KB) [Transferred from Hinds - County First on 6/21/2023.] (Entered: 05/19/2023) |
| 06/21/2023 | 7 | CASE TRANSFERRED IN Case Number 25CO1:23-cv-01460, Original file with documents numbered 1 - 6 , certified copy of transfer order, and docket sheet received. (Jones-Clay, Lakisha) (Entered: 06/21/2023) |

| MEC Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 06/23/2023 12:32:06 | | | |
| You will be charged $0.20 per page to view or print documents. | | | |
| **MEC Login:** | wf10o71M | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 25CI1:23-cv-00348-DHG |
| **Billable Pages:** | 2 | **Cost:** | 0.40 |

**IN THE CIRCUIT COURT OF HINDS COUNTY, MISSISSIPPI**
**FIRST JUDICIAL DISTRICT**

**TASHI CATCHINGS, INDIVIDUALLY, AND**
**ON BEHALF OF AND FOR THE USE AND**
**BENEFIT OF THE WRONGFUL DEATH**
**BENEFICIARIES OF EVA ERVIN**                                          **PLAINTIFF**

**VS.**                                        **CIVIL ACTION NO.:** 23-1460

**MANHATTAN NURSING AND**
**REHABILITATION CENTER, LLC, AURORA**
**CARES, LLC, HATTIE FRISON, LPN,**
**UNIDENTIFIED ENTITIES 1-10, AND JOHN**
**DOES 1-10 (as to MANHATTAN FACILITY)**                     **DEFENDANTS**

<u>**COMPLAINT**</u>

**JURY TRIAL REQUESTED**

COMES NOW, the Plaintiff, Tashi Catchings, Individually, and on behalf of and for the

use and benefit of the Wrongful Death Beneficiaries of Eva Ervin, and for her causes of action

against Defendants, states:

**I.        <u>PARTIES</u>**

1.01    Tashi Catchings is the natural daughter of Eva Ervin, deceased, and brings this

action Individually, and on behalf of and for the use and benefit of the Wrongful Death

Beneficiaries of Eva Ervin, and pursuant to Mississippi law.

1.02    Eva Ervin was, at all times material hereto, a resident of Manhattan Nursing and

Rehabilitation Center, LLC, a skilled nursing facility located at 4540 Manhattan Road, Jackson,

Mississippi 39206 from on or about November 2, 2021 until her death on September 17, 2022.

1.03    Defendant, Manhattan Nursing and Rehabilitation Center, LLC (hereinafter

"Manhattan Nursing" or "Nursing Home Defendants" or "Manhattan Nursing Defendants") is a

business operating in the state of Mississippi with its principal place of business located in Hinds

County, Mississippi, and that may be served with process on its registered agent, United Corporate Services Inc, at 248 East Capitol Street, Suite 840, Jackson, Mississippi 39201, or a location where said agent may be found. Manhattan Nursing was, and remains, a corporation engaged in the custodial care of elderly, helpless individuals who are chronically infirm, mentally impaired, and/or in need of nursing care and treatment at Manhattan Nursing.

1.04    Defendant, Aurora Cares, LLC (hereinafter "Aurora Cares" or "Nursing Home Defendants" or "Manhattan Nursing Defendants") is a business operating in the state of Mississippi and that may be served with process to its registered agent, United Corporate Services, Inc., at 248 East Capitol Street, Suite 840, Jackson, Mississippi 39201, or a location where said agent may be found. Aurora Cares was, and remains, a corporation engaged in the custodial care of elderly, helpless individuals who are chronically infirm, mentally impaired, and/or in need of nursing care and treatment at Manhattan Nursing.

1.05    Defendant Hattie Frison, LPN (hereinafter "Frison") is an adult resident citizen of the state of Mississippi who may be served with process at 275 710 Towery Court, Ridgeland, Mississippi 39157, or other location where she may be found. Ms. Frison was at all times material hereto employed by Manhattan Nursing Defendants and provided care and treatment, or lack thereof, to Ms. ERVIN.

1.06    Separate Defendants John Does 1 through 10 are individuals whom Plaintiff is currently unable to identify despite diligent efforts. Said Defendants are named pursuant to Miss. R. Civ. P. 9(h), insofar as their as their acts and/or omissions were negligent and/or otherwise tortious with respect to the care and treatment of, or in the staffing, supervision, administration, and direction of the care and treatment of, EVA ERVIN, during her residency at Manhattan Nursing. Alternatively, Defendants are liable for the negligent and/or otherwise tortious acts and/or

omissions or others with respect to the care and treatment of EVA ERVIN during her residency at Manhattan Nursing.

1.07    Separate Defendants Unidentified Entities 1 through 10 are entities whom Plaintiff is currently unable to identify despite diligent efforts.  Defendants are named pursuant to Miss. R. Civ. P. 9(h), insofar as their acts and/or omissions were negligent and/or otherwise tortious with respect to the care and treatment of EVA ERVIN during her residency at Manhattan Nursing. Alternatively, Defendants are liable for the negligent and/or otherwise tortious acts and/or omissions of others with respect to the care and treatment of EVA ERVIN during her residency at Manhattan Nursing.

1.08    At all times material hereto, Defendants owned, operated and/or controlled Manhattan Nursing and Rehabilitation Center, LLC.   The actions of Manhattan Nursing Defendants' servants, agents and employees as set forth herein, are imputed to the Manhattan Nursing Defendants, John Does 1 through 10, and Unidentified Entities 1 through 10.

## II.    JURISDICTION AND VENUE

2.01    Plaintiff re-alleges and incorporates the allegations in paragraphs 1.01-1.08 as if set forth herein.

2.02    Jurisdiction and venue are proper in Hinds County, Mississippi, First Judicial District, in that a substantial alleged act or omission occurred and/or a substantial event that caused the injury occurred in whole or in part in Hinds County, Mississippi.

## III.    DEFENDANTS' JOINT VENTURE

3.01    Plaintiff re-alleges and incorporates the allegations in paragraphs 1.01-2.02 as if set forth herein.

3.02    Manhattan Nursing and Aurora Cares (herein collectively referred to as the

"Manhattan Nursing Defendants") were engaged in a joint enterprise, in that:

    a.    Manhattan Nursing Defendants had a mutual understanding for the common purpose of operating Manhattan Nursing and Rehabilitation Center, LLC; and

    b.    Manhattan Nursing Defendants each had a right to a voice in the direction and control of the means to carry out this common purpose.

3.03    There has been a close relationship between Manhattan Nursing Defendants at all times relevant.

3.04    As a consequence of the joint enterprise, Manhattan Nursing Defendants owed a joint duty to Ms. ERVIN to use reasonable care for her safety while upon their premises and under their care and supervision at Manhattan Nursing.

3.05    As a consequence of the joint enterprise, each Defendant's wrongful acts are imputed to and constitute the acts of the other Defendants and the failure of the Defendants shall be aggregated.

## IV.    AGENCY

4.01    Plaintiff re-alleges and incorporates the allegations in paragraphs 1.01-3.05 as if set forth herein.

4.02    All actions of the staff and other employees and agents of Defendants who were responsible for providing care and treatment to Ms. ERVIN while she was a resident at Manhattan Nursing, alleged herein, were performed within the scope of their employment or agency with Defendants.

4.03    For that reason, Defendants are vicariously liable for the actions of its nursing staff and other employees and agents in relation to the care of, or failure to care for, Ms. ERVIN.

## V.    **FACTUAL SUMMARY**

5.01    Plaintiff re-alleges and incorporates the allegations in paragraphs 1.01-4.03 as if set forth herein.

5.02    Ms. ERVIN began her residency with the Manhattan Nursing Defendants on or around November 2, 2021.  At all times material hereto, Ms. ERVIN was of unsound mind and incapable of managing the ordinary affairs of her life.  On September 17, 2022, Ms. ERVIN died as a result of the injuries she suffered at Defendants' facility.

5.03    That throughout Ms. ERVIN's residency, the Facility, including any of its staff or other personnel, failed to possess and exercise that degree of care, diligence, and skill as it ordinarily possessed and exercised by minimally competent and reasonably diligent, skillful, careful and prudent nursing homes, and their staff or other personnel.

5.04    Ms. ERVIN suffered pressure injuries, sepsis, malnutrition, medical conditions, skin conditions, bruises, abuse and neglect, unexplained weight loss, disfigurement, poor hygiene, mental decline, other injuries, and ultimately death, as a result of the improper care and treatment provided to her by the Facility and/or its staff or other personnel throughout her residency with the Facility.

5.05    Ms. ERVIN suffered many incidents, abuse and neglect, improper care, and injuries, including but not limited to the following:

- That Ms. ERVIN suffered Stage IV pressure injuries, osteomyelitis and sepsis as a result of the Facility's negligence.  Ms. ERVIN was admitted to the Facility with no skin issues present.

- That Ms. ERVIN suffered pressure injuries, skin tears, and other skin breakdown while at the Facility.

- That Ms. ERVIN suffered severe dehydration and malnutrition while at the Facility.

- That Ms. ERVIN received poor personal care while she was a resident of The Facility.

- That Ms. ERVIN received poor hygienic care while she was a resident of The Facility.

- That the Facility failed to administer medications, including antibiotic therapy, to Ms. ERVIN during her residency.

- That Ms. ERVIN required hospitalizations as a result of the negligence and inaction of the Facility.

- That the Facility failed to meet the standard of care in regard to the care rendered by Ms. ERVIN.

5.06    The conditions reflected herein are readily apparent based on a review of Ms. ERVIN's chart and medical records. As a result of the individual and/or combined negligence, gross negligence, reckless, and willful/wanton actions of the Defendants and/or their staff or other personnel, Ms. ERVIN suffered extensive injuries and damages, including loss of her dignity, great pain and suffering, pressure injuries, infection, sepsis, malnutrition, and ultimately death.  The Facility and/or their staff or other personnel failed to meet the appropriate standard of care with regard to the care and treatment provided to Ms. ERVIN throughout her residency with the Facility.

5.07    Defendants were well aware of Ms. ERVIN's medical condition and the care that she required when they represented that they could adequately care for her needs.

5.08    At all times material to this lawsuit, Defendants held themselves out as being:

   a.    Skilled in the performance of nursing, rehabilitative and other medical support services;

   b.    Properly staffed, supervised, and equipped to meet the total needs of their nursing home residents;

   c.    Able to specifically meet the total nursing home, medical, and physical therapy needs of EVA ERVIN and other residents like her; and

   d.    Licensed and complying on a continual basis with all rules, regulations, and standards established for nursing homes, nursing home licensees and nursing home administrators.

5.09    The Defendants exercised substantial control over significant aspects of the

operation and management of Manhattan Nursing and Rehabilitation during Ms. ERVIN's residency period, including but not limited to the creation, setting, funding and/or implementation of budgets; the hiring and training of staff; the monitoring of resident acuity levels and staffing sufficiency to meet each resident's needs; control over resident admissions and discharge to and from the facility; and the creation and enforcement of written policies and procedures pertaining to the rules that provide for the safety and well-being of residents.

5.10    Each of these managerial and operational functions had a direct impact on the quality of care delivered to Ms. ERVIN and other residents at Manhattan Nursing and were taken in furtherance of an operation and managerial objective over Manhattan Nursing and Rehabilitation.

5.11    Manhattan Nursing Defendants substantially derive their revenue and profits from the receipt of taxpayer dollars through federally and state funded Medicare and Medicaid programs.

5.12    Residents with higher acuity levels, i.e., a greater number and degree of illnesses, place higher demands for care and services on the nursing home and its staff.

5.13    The rate at which Manhattan Nursing Defendants are reimbursed by Medicare and Medicaid for the delivery of nursing home care and services, and accordingly the amount of their ultimate revenue and profits, are based upon the acuity level of the residents confined to their facilities.

5.14    The daily reimbursement rate varies based on the level of nursing care and number of therapy minutes provided to the resident.  Acuity levels are determined by the resident's Resource Utilization Group or "RUG" score.

5.15    This creates a financial incentive on nursing home corporations, including

Manhattan Nursing Defendants, to admit and retain residents with greater mental, physical and psychosocial needs.

5.16    Medicare and Medicaid expect and presume that the nursing home, and Manhattan Nursing Defendants, will actually use the additional funds received for higher acuity level residents to meet those residents' needs, primarily through the additional employment of staff members to deliver the increased care and services.

5.17    Despite receiving additional funds from Medicare and Medicaid based upon the resident acuity levels reported to Medicare for Manhattan Nursing and Rehabilitation prior to, and during, Ms. ERVIN's residency period, Defendants failed to ensure, through their operational, budgetary, consultation and managerial decisions and actions, that Manhattan Nursing and Rehabilitation was sufficiently staffed to meet the individual needs of Ms. ERVIN during her residency period.

5.18    This lack of sufficient staff directly resulted in Ms. ERVIN not receiving the very basic and necessary services to prevent, among other things, neglect and abuse leading to pressure injuries, infection, sepsis, malnutrition, and ultimately death.

5.19    While holding Manhattan Nursing out to Ms. ERVIN and other members of the public as providing excellent care, Defendants, as reflected on the Medicare and Medicaid Cost Reports – signed under penalty of perjury and filed with state and federal governments – extracted considerable profit through the management and operation of Manhattan Nursing by paying management, administration and consulting fees, as well as other "costs," to the Defendants named herein and other related entities from funds which should have been utilized to hire, train and retain sufficient numbers of qualified staff to meet the needs of Ms. ERVIN.

5.20    The Defendants failed to discharge their obligations of care to EVA ERVIN.  As a

consequence thereof, EVA ERVIN suffered catastrophic injuries, disfigurement, extreme pain and suffering, mental anguish, and death. The scope and severity of the recurrent wrongs inflicted upon EVA ERVIN while under the care of the facility accelerated the deterioration of her health and physical condition beyond that caused by the normal aging process and resulted in physical and emotional trauma as described above.

5.21    The wrongs complained of herein were of a continuing nature and occurred throughout EVA ERVIN's stay at Defendants' facility.

5.22    Plaintiff alleges that on all of the occasions complained of herein, EVA ERVIN was under the care, supervision, and treatment of the agents and/or employees of Defendants and that the injuries complained of herein were proximately caused by the acts and omissions of Defendants named herein.

5.23    Defendants had vicarious liability for the acts and omissions of all persons or entities under Defendants' control, either directly or indirectly, including their employees, agents, consultants, and independent contractors, whether in-house or outside entities, individuals, agencies, or pools causing or contributing to the injuries of EVA ERVIN.

5.24    Defendants have joint and several liability for the actions complained of herein because they consciously and deliberately pursued a common plan or design to commit the tortious acts described in this Complaint and these Defendants actively took part in such actions.

### COUNT ONE: NEGLIGENCE AGAINST THE MANHATTAN NURSING DEFENDANTS, FRISON, JOHN DOES 1 THROUGH 10, AND UNIDENTIFIED ENTITIES 1 THROUGH 10

5.25    Plaintiff re-alleges and incorporates the allegations in paragraphs 1.01-5.24 as if set forth herein.

5.26    Defendants owed a duty to residents, including EVA ERVIN, to provide adequate

and appropriate custodial care and supervision, which a reasonably careful person would provide under similar circumstances.

5.27    Defendants owed a duty to residents, including EVA ERVIN, to exercise reasonable care in providing care and services in a safe and beneficial manner.

5.28    Defendants owed a duty to EVA ERVIN to use reasonable care to protect her from unreasonable risk of harm.

5.29    At all times relevant herein, MS. ERVIN was in a defenseless and dependent condition.  As a result of her defenseless and dependent condition, MS. ERVIN relied upon Defendants to provide for her safety, protection, care and treatment.

5.30    At all times relevant herein, Defendants had a duty to act in accordance with the standards of care required of those who own, operate, manage, maintain, and/or control a skilled nursing facility.

5.31    This duty required Defendants to implement and enforce policies and procedures to ensure the proper care for, and treatment of, residents such as MS. ERVIN.

5.32    This duty required Defendants to have sufficient and qualified staff to ensure the proper care for, and treatment of, residents such as MS. ERVIN.

5.33    This duty required Defendants to ensure that its agents, servants and/or employees were properly educated and trained with regard to the care for, and treatment of, residents such as MS. ERVIN.

5.34    The Defendants and their employees/agents breached their duty to use reasonable care in the performance of nonmedical, administrative, ministerial or routine care, for EVA ERVIN' safety.

5.35    Defendants breached this duty by failing to deliver care and services that a

reasonably careful person would have provided under similar circumstances and by failing to prevent the mistreatment, abuse and neglect of EVA ERVIN.

5.36    As a direct and proximate result of the negligence of Defendants as set out above, EVA ERVIN suffered injuries, as set forth herein all of which required hospitalization and medical treatment, and all of which required Ms. ERVIN to incur significant hospital and medical expenses.

5.37    WHEREFORE, based on such conduct of Separate Defendants as set forth above, Plaintiff asserts a claim for judgment for compensatory and punitive damages against Separate Defendants including, but not limited to, medical expenses, physical pain and suffering, mental anguish, disability, humiliation, disfigurement and death in an amount to be determined by the jury, plus costs and all other relief to which Plaintiff is entitled by law.

**COUNT TWO: MEDICAL MALPRACTICE AGAINST THE
MANHATTAN NURSING DEFENDANTS, FRISON, JOHN DOES 1 THROUGH 10,
AND UNIDENTIFIED ENTITIES 1 THROUGH 10**

5.38    Plaintiff hereby re-alleges and incorporates the allegations in paragraphs 1.01-5.37, as if fully set forth herein.

5.39    Separate Defendants owed a duty to residents, including EVA ERVIN, to hire, train, and supervise employees so that such employees delivered care and services to residents in a safe and beneficial manner.

5.40    Separate Defendants owed a duty to residents, including EVA ERVIN, to render care and services as a reasonably prudent and similarly situated nursing home employee would render, including, but not limited to, rendering care and services in a safe and beneficial manner.

5.41    Separate Defendants owed a duty to assist all residents, including EVA ERVIN, in attaining and maintaining the highest level of physical, mental, and psychosocial well-being.

5.42    Separate Defendants failed to meet the standard of care and violated their duty of

care to EVA ERVIN through mistreatment, abuse, and neglect. The medical negligence of these

Defendants includes, but is not limited to, the following acts and omissions:

    a.    LEGAL COMPLIANCE – Complying with applicable federal regulations, state statutes and rules, and professional standards of care;

    b.    WELL-BEING AND QUALITY OF LIFE – Providing goods and services for EVA ERVIN necessary to avoid physical harm and mental anguish; caring for EVA ERVIN in a manner and in an environment that promoted maintenance or enhancement of her quality of life; and providing the necessary care and services for EVA ERVIN to attain or maintain the highest practicable physical, mental, and psychosocial well-being, in accordance with the comprehensive assessment and plan of care;

    c.    ASSESSMENT – Conducting a comprehensive, accurate, standardized reproducible assessment of EVA ERVIN's functional capacity;

    d.    CARE PLANNING – Developing and implementing a comprehensive, individualized care plan for EVA ERVIN that included measurable objectives and timetables to meet her medical, nursing, mental, and psychosocial needs;

    e.    PRESSURE INJURY – Preventing the development of avoidable pressure injuries;

    f.    PRESSURE INJURY – Ensuring that EVA ERVIN received the treatment and services necessary to promote healing of pressure ulcers, to prevent infection, and to prevent new injuries from developing;

    g.    SKIN INTEGRITY – Ensuring that EVA ERVIN did not develop pressure ulcers;

    h.    HYDRATION AND NUTRITION – Ensuring that EVA ERVIN maintained acceptable parameters of nutritional status and offering her sufficient fluid intake to maintain proper hydration and health;

    i.    NURSING INTERVENTIONS – Developing and implementing new nursing interventions when Defendants' Care Plan for EVA ERVIN no longer met her needs;

    j.    SUFFICIENT STAFF – Having sufficient nursing staff to provide nursing and related services to allow EVA ERVIN to attain or maintain the highest practicable physical, mental, and psychosocial well-being in accordance with her resident assessments and individual plans of care;

    k.    COMPETENT STAFF – Ensuring that direct care staff were competent in the

skills and techniques necessary to care for EVA ERVIN's needs, and were able to perform their assigned duties;

l.   CLINICAL RECORDS – Maintaining clinical records for EVA ERVIN in accordance with accepted professional standards and accepted standards of professional nursing practice; and

m.   OTHER FAILURES – which will be shown throughout litigation.

5.43   A reasonably prudent nursing home operating under the same or similar conditions, would not have failed to provide the care listed in the above paragraphs. Each of the foregoing acts of medical negligence on the part of Defendants was a proximate cause of EVA ERVIN's injuries and death. EVA ERVIN's injuries and death were foreseeable to these Defendants.

5.44   Defendants' conduct in breaching the duties owed to EVA ERVIN was grossly negligent, willful, wanton, malicious and reckless.

5.45   As a direct and proximate result of such grossly negligent, willful, wanton, reckless and malicious conduct, EVA ERVIN suffered injuries and also suffered extreme pain, suffering, and mental anguish, all of which required medical treatment.   As a result, Ms. ERVIN incurred significant medical expenses.

5.46   WHEREFORE, based on the conduct set forth above of Separate Defendants, Plaintiff asserts a claim for judgment for compensatory and punitive damages against these Separate Defendants including, but not limited to, medical expenses, physical pain and suffering, mental anguish, disability, humiliation, disfigurement and death in an amount to be determined by the jury, plus costs and all other relief to which Plaintiff is entitled by law.

## COUNT THREE:  MALICE, AND/OR GROSS NEGLIGENCE WHICH EVIDENCES A WILLFUL, WANTON, OR RECKLESS DISREGARD FOR THE SAFETY OF EVA ERVIN AGAINST MANHATTAN NURSING DEFENDANTS, FRISON, JOHN DOES 1 THROUGH 10, AND UNIDENTIFIED ENTITIES 1 THROUGH 10

5.47   Plaintiff re-alleges and incorporates the allegations in paragraphs 1.01- 5.46, as if

fully set forth herein.

5.48    The longevity, scope and severity of Defendants' failures and actions constitute malice, and/or gross negligence that evidences a willful, wanton or reckless disregard for the safety of others, including EVA ERVIN. Specifically, such conduct was undertaken by Defendants without regard to the health and safety consequences to those residents, such as EVA ERVIN, entrusted to their care. Moreover, such conduct evidences little regard for their duties of care, good faith, and fidelity owed to MS. ERVIN.

5.49    The malice, and/or gross negligence which evidences a willful, wanton, or reckless disregard for the safety of others, including EVA ERVIN, includes, but is not limited to, acts and omissions as alleged in the above paragraphs, as well as the following:

a.    LEGAL COMPLIANCE – Complying with applicable federal regulations, state statutes and rules, and professional standards of care;

b.    WELL-BEING AND QUALITY OF LIFE – Providing goods and services for EVA ERVIN necessary to avoid physical harm and mental anguish; caring for EVA ERVIN in a manner and in an environment that promoted maintenance or enhancement of her quality of life; and providing the necessary care and services for EVA ERVIN to attain or maintain the highest practicable physical, mental, and psychosocial well-being, in accordance with the comprehensive assessment and plan of care;

c.    ASSESSMENT – Conducting a comprehensive, accurate, standardized reproducible assessment of EVA ERVIN's functional capacity;

d.    CARE PLANNING – Developing and implementing a comprehensive, individualized care plan for EVA ERVIN that included measurable objectives and timetables to meet her medical, nursing, mental, and psychosocial needs;

e.    PRESSURE INJURY – Preventing the development of avoidable pressure injuries;

f.    PRESSURE INJURY – Ensuring that EVA ERVIN received the treatment and services necessary to promote healing of pressure ulcers, to prevent infection, and to prevent new injuries from developing;

g.   SKIN INTEGRITY – Ensuring that EVA ERVIN did not develop pressure ulcers;

h.   HYDRATION AND NUTRITION – Ensuring that EVA ERVIN maintained acceptable parameters of nutritional status and offering her sufficient fluid intake to maintain proper hydration and health;

i.   NURSING INTERVENTIONS – Developing and implementing new nursing interventions when Defendants' Care Plan for EVA ERVIN no longer met her needs;

j.   SUFFICIENT STAFF – Having sufficient nursing staff to provide nursing and related services to allow EVA ERVIN to attain or maintain the highest practicable physical, mental, and psychosocial well-being in accordance with her resident assessments and individual plans of care;

k.   COMPETENT STAFF – Ensuring that direct care staff were competent in the skills and techniques necessary to care for EVA ERVIN's needs, and were able to perform their assigned duties;

l.   CLINICAL RECORDS – Maintaining clinical records for EVA ERVIN in accordance with accepted professional standards and accepted standards of professional nursing practice; and

m.   OTHER FAILURES – which will be shown throughout litigation.

5.50   As a direct and proximate result of the above cited malice, and/or gross negligence which evidences a willful, wanton, or reckless disregard for the safety of others, including EVA ERVIN, she suffered injuries as set herein, all of which required MS. ERVIN to incur significant medical expenses as well as suffer extreme pain, suffering, mental anguish, embarrassment, and fright, all of which required hospitalization and medical treatment, and all of which resulted in death.

5.51   WHEREFORE, based on such conduct of Separate Defendants, Plaintiff asserts a claim for judgment for compensatory and punitive damage against Separate Defendants including, but not limited to, medical expenses, physical pain and suffering, mental anguish, disability, and humiliation, disfigurement and death in an amount to be determined by the jury, plus costs and all other relief to which Plaintiff is entitled by law.

## COUNT FOUR: STATUTORY SURVIVAL CLAIM AGAINST THE MANHATTAN NURSING DEFENDANTS, FRISON, JOHN DOES 1 THROUGH 10, AND UNIDENTIFIED ENTITIES 1 THROUGH 10

5.52    Plaintiff re-alleges and incorporates the allegations in paragraph 1.01 through 5.51, as if fully set forth herein.

5.53    As a direct and proximate result of the negligence, malice, and/or gross negligence that evidenced and willful, wanton or reckless disregard for the safety of others, including EVA ERVIN, MS. ERVIN suffered injuries and death as set forth herein, all of which caused physical pain and suffering, mental anguish, humiliation, embarrassment, disfigurement, fright, and emotional distress.  As a result, EVA ERVIN incurred significant hospital and medical expenses.

5.54    As a direct, natural and proximate result of the negligence, malice, gross negligence which evidences a willful, wanton or reckless disregard for the safety of others, EVA ERVIN died on September 17, 2022, thereby incurring funeral, burial, and other related expenses.

5.55    WHEREFORE, based on and arising out of the conduct of Separate Defendants as set out above, Plaintiff asserted a claim for judgment for compensatory and punitive damages for EVA ERVIN's death, including, but not limited to medical expenses, costs of administration of EVA ERVIN's estate, and other related expenses incurred as a result of Separate Defendant's wrongful acts and omissions, as well as damages for physical pain and suffering, mental anguish, disability, humiliation, disfigurement and death in an amount to be determined by the jury, plus costs and all other relief to which Plaintiff is entitled by law.

## COUNT FIVE: STATUTORY WRONGFUL DEATH CLAIM AGAINST MANHATTAN NURSING DEFENDANTS, FRISON, JOHN DOES 1 THROUGH 10, AND UNIDENTIFIED ENTITIES 1 THROUGH 10

5.56    Plaintiff re-alleges and incorporates the allegations in paragraph 1.01 through 5.55, as if fully set forth herein.

5.57    As a direct and proximate result of the negligence, malice, and/or gross negligence which evidences a willful, wanton or reckless disregard for the safety of others, including EVA ERVIN, Defendants caused the death of EVA ERVIN.

5.58    As a direct, natural and proximate result of the negligence, malice, and/or gross negligence which evidences a willful, wanton or reckless disregard for the safety of others, EVA ERVIN suffered extreme pain, suffering, mental anguish, embarrassment, disfigurement, and fright, all of which required hospitalization and medical treatment. EVA ERVIN died on September 17, 2022, thereby incurring funeral, burial and other related expenses.

5.59    As a result of the death of EVA ERVIN, the wrongful death beneficiaries suffered loss of consortium, attention, guidance, care, protection, training, companionship, compassion, affection, and love.

5.60    WHEREFORE, based on such conduct of Separate Defendants as set out above, Plaintiff asserts a claim for judgment for all compensatory and punitive damages against Separate Defendants including but not limited to EVA ERVIN's physical pain and suffering, mental anguish, disfigurement, and death in an amount to be determined by the jury, plus costs and all other relief to which Plaintiff is entitled by law. Additionally, based on such conduct, Plaintiff asserts a claim for judgment for all compensatory and punitive damages against Separate Defendants based on the damages sustained by the wrongful death beneficiaries as a result of the loss of a personal relationship with EVA ERVIN including but not limited to loss of support, companionship, consortium, attention, guidance, care, protection, training, compassion, affection, and love, in an amount to be determined by the jury, plus costs and all other relief to which Plaintiff is entitled.

## PRAYER FOR RELIEF

Pursuant to Mississippi Rules of Civil Procedure, Plaintiff demands that all issues of fact

in the case be tried to a jury.

WHEREFORE, the Plaintiff, Tashi Catchings, Individually, and on behalf of and for the use and benefit of the Wrongful Death Beneficiaries of Eva Ervin, and for her causes of action, prays for judgment against all Defendants, as follows:

1.     For damages to be determined by the jury, in an amount exceeding the minimum jurisdictional amount of this Court, and adequate to compensate Plaintiff for all the injuries and damages sustained;

2.     For all general and special damages caused by the alleged conduct of Defendants;

3.     For the costs of litigating this case;

4.     For punitive damages sufficient to punish Defendants for their egregious conduct and to deter all Defendants from repeating such; and

5.     For all relief to which Plaintiff is entitled by Mississippi law.

WHEREFORE, PREMISES CONSIDERED, the Plaintiff, sues and demands judgment of and from the Defendants, for all damages allowed under law including compensatory damages and punitive damages in an amount to be determined by the jury, and for any such other relief which the Court may deem appropriate.

RESPECTFULLY SUBMITTED, this the ___17th___ day of May, 2023.

PLAINTIFF, TASHI CATCHINGS
INDIVIDUALLY, AND ON BEHALF OF AND
FOR THE USE AND BENEFIT OF THE
WRONGFUL DEATH BENEFICIARIES OF
EVA ERVIN

BY: _____
R. PAUL WILLIAMS, III

R. PAUL WILLIAMS, III (MSB# 102345)
COURTNEY M. WILLIAMS (MSB# 102347)

MATT NEWMAN (MSB# 103654)
WILLIAMS NEWMAN WILLIAMS, PLLC
129B South President Street (39201)
Post Office Box 23785
Jackson, Mississippi 39225
Tel:    (601) 949-5080
Fax:    (601) 949-5538
Email: paul@wnwlegal.com
        courtney@wnwlegal.com
        matt@wnwlegal.com

### IN THE CIRCUIT COURT OF HINDS COUNTY, MISSISSIPPI
### FIRST JUDICIAL DISTRICT

**TASHI CATCHINGS, INDIVIDUALLY, AND
ON BEHALF OF AND FOR THE USE AND
BENEFIT OF THE WRONGFUL DEATH
BENEFICIARIES OF EVA ERVIN**                                    **PLAINTIFF**

**VS.**                                    **CIVIL ACTION NO.:_____**

**MANHATTAN NURSING AND
REHABILITATION CENTER, LLC, AURORA
CARES, LLC, HATTIE FRISON, LPN,
UNIDENTIFIED ENTITIES 1-10, AND JOHN
DOES 1-10 (as to MANHATTAN FACILITY)**                   **DEFENDANTS**

### CERTIFICATE OF EXPERT CONSULTATION
### PURSUANT TO MISSISSIPPI CODE ANNOTATED § 11-1-58

I hereby certify pursuant to Miss. Code Ann. § 11-1-58(1)(a) that I have reviewed the

facts of this case and have consulted with at least one expert qualified pursuant to the Mississippi

Rules of Civil Procedure and the Mississippi Rules of Evidence to give expert testimony as to

standard of care or negligence and who I reasonably believe is knowledgeable in the relevant

issues involved in this action.  I have concluded on the basis of such review and consultation that

there is a reasonable basis for the commencement of this action.

SO CERTIFIED this 17th day of May, 2023.

R. PAUL WILLIAMS, III

R. PAUL WILLIAMS, III (MSB# 102345)
COURTNEY M. WILLIAMS (MSB# 102347)
WILLIAMS NEWMAN WILLIAMS, PLLC
Post Office Box 23785
Jackson, Mississippi 39225
(601)949-5080


EXHIBIT
A

# COVER SHEET
## Civil Case Filing Form
*(To be completed by Attorney/Party*
*Prior to Filing of Pleading)*

| Court Identification Docket # | Case Year | Docket Number |
|---|---|---|
| 2 5 1 C I | 2 0 2 3 | 1 4 6 0 |
| County #   Judicial   Court ID | | |
| District   (CH, CI, CO) | | Local Docket ID |
| 0 5 1 9 2 3 | | |

Month   Date   Year

Mississippi Supreme Court   Form AOC/01
Administrative Office of Courts   (Rev 2020)

This area to be completed by clerk        Case Number if filed prior to 1/1/94

| In the CIRCUIT | Court of HINDS | County — FIRST | Judicial District |
|---|---|---|---|

## Origin of Suit (Place an "X" in one box only)
- [X] Initial Filing
- [ ] Remanded
- [ ] Reinstated
- [ ] Reopened
- [ ] Foreign Judgment Enrolled
- [ ] Joining Suit/Action
- [ ] Transfer from Other court
- [ ] Appeal
- [ ] Other

## Plaintiff - Party(ies) Initially Bringing Suit Should Be Entered First - Enter Additional Plaintiffs on Separate Form

**Individual**  CATCHINGS          TASHI
Last Name          First Name          Maiden Name, if applicable          M.I.          Jr/Sr/III/IV

[X] Check ( x ) if Individual Plaintiff is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:
Estate of  EVA ERVIN

____ Check ( x ) if Individual Planitiff is acting in capacity as Business Owner/Operator (d/b/a) or State Agency, and enter entity
D/B/A or Agency

**Business**  ____

Enter legal name of business, corporation, partnership, agency - If Corporation, indicate the state where incorporated

____ Check ( x ) if Business Plaintiff is filing suit in the name of an entity other than the above, and enter below:
D/B/A

**Address of Plaintiff**

**Attorney (Name & Address)**  R. PAUL WILLIAMS, III  129B S. PRESIDENT ST. JACKSON, MS 39201          MS Bar No.  102345

____ Check ( x ) if Individual Filing Initial Pleading is NOT an attorney

Signature of Individual Filing:

## Defendant - Name of Defendant - Enter Additional Defendants on Separate Form

**Individual**
Last Name          First Name          Maiden Name, if applicable          M.I.          Jr/Sr/III/IV

____ Check ( x ) if Individual Defendant is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:
Estate of

____ Check ( x ) if Individual Defendant is acting in capacity as Business Owner/Operator (d/b/a) or State Agency, and enter entity:
D/B/A or Agency

**Business**  MANHATTAN NURSING AND REHABILITATION CENTER, LLC
Enter legal name of business, corporation, partnership, agency - If Corporation, indicate the state where incorporated

____ Check ( x ) if Business Defendant is acting in an entity other than the above, and enter below:
D/B/A

**Attorney (Name & Address) - If Known**          MS Bar No.

____ Check ( x ) if child support is contemplated as an issue in this suit.*
*If checked, please submit completed Child Support Information Sheet with this Cover Sheet

**Nature of Suit (Place an "X" in one box only)**

| Domestic Relations | Business/Commercial | Children/Minors - Non-Domestic | Real Property |
|---|---|---|---|
| ☐ Child Custody/Visitation | ☐ Accounting (Business) | ☐ Adoption - Contested | ☐ Adverse Possession |
| ☐ Child Support | ☐ Business Dissolution | ☐ Adoption - Uncontested | ☐ Ejectment |
| ☐ Contempt | ☐ Debt Collection | ☐ Consent to Abortion | ☐ Eminent Domain |
| ☐ Divorce:Fault | ☐ Employment | ☐ Minor Removal of Minority | ☐ Eviction |
| ☐ Divorce: Irreconcilable Diff. | ☐ Foreign Judgment | ☐ Other | ☐ Judicial Foreclosure |
| ☐ Domestic Abuse | ☐ Garnishment | **Civil Rights** | ☐ Lien Assertion |
| ☐ Emancipation | ☐ Replevin | ☐ Elections | ☐ Partition |
| ☐ Modification | ☐ Other | ☐ Expungement | ☐ Tax Sale: Confirm/Cancel |
| ☐ Paternity | **Probate** | ☐ Habeas Corpus | ☐ Title Boundary or Easement |
| ☐ Property Division | ☐ Accounting (Probate) | ☐ Post Conviction Relief/Prisoner | ☐ Other |
| ☐ Separate Maintenance | ☐ Birth Certificate Correction | ☐ Other | **Torts** |
| ☐ Term. of Parental Rights-Chancery | ☐ Mental Health Commitment | **Contract** | ☐ Bad Faith |
| ☐ UIFSA (eff 7/1/97; formerly URESA) | ☐ Conservatorship | ☐ Breach of Contract | ☐ Fraud |
| ☐ Other | ☐ Guardianship | ☐ Installment Contract | ☐ Intentional Tort |
| **Appeals** | ☐ Joint Conservatorship & Guardianship | ☐ Insurance | ☐ Loss of Consortium |
| ☐ Administrative Agency | ☐ Heirship | ☐ Specific Performance | ☐ Malpractice - Legal |
| ☐ County Court | ☐ Intestate Estate | ☐ Other | ☐ Malpractice - Medical |
| ☐ Hardship Petition (Driver License) | ☐ Minor's Settlement | **Statutes/Rules** | ☐ Mass Tort |
| ☐ Justice Court | ☐ Muniment of Title | ☐ Bond Validation | [X] Negligence - General |
| ☐ MS Dept Employment Security | ☐ Name Change | ☐ Civil Forfeiture | ☐ Negligence - Motor Vehicle |
| ☐ Municipal Court | ☐ Testate Estate | ☐ Declaratory Judgment | ☐ Premises Liability |
| ☐ Other | ☐ Will Contest | ☐ Injunction or Restraining Order | ☐ Product Liability |
| | ☐ Alcohol/Drug Commitment (Involuntary) | ☐ Other | ☐ Subrogation |
| | | | ☐ Wrongful Death |
| | | | ☐ Other |

☐ Alcohol/Drug Commitment (Voluntary)
☐ Other

IN THE CIRCUIT_____ COURT OF HINDS_____ COUNTY, MISSISSIPPI

FIRST_____ JUDICIAL DISTRICT, CITY OF _____

Docket No._____ - _____  _____    Docket No. If Filed
             File Yr       Chronological No.     Clerk's Local ID      Prior to 1/1/94 _____

**DEFENDANTS IN REFERENCED CAUSE - Page 1 of __ Defendants Pages**
**IN ADDITION TO DEFENDANT SHOWN ON CIVIL CASE FILING FORM COVER SHEET**

**Defendant #2:**

**Individual**: _____ _____ ( _____ ) _____ _____
             Last Name       First Name      Maiden Name, if Applicable   Middle Init.   Jr/Sr/III/IV

___Check (✓) if Individual Defendant is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:

    Estate of _____

___Check (✓) if Individual Defendant is acting in capacity as Business Owner/Operator (D/B/A) or State Agency, and enter that name below:

    D/B/A _____

**Business** AURORA CARE, LLC_____
            Enter legal name of business, corporation, partnership, agency - If Corporation, indicate state where incorporated

___Check (✓) if Business Defendant is being sued in the name of an entity other than the name above, and enter below:

    D/B/A _____

**ATTORNEY FOR THIS DEFENDANT**: _____ Bar # or Name: _____ *Pro Hac Vice* (✓)___ Not an Attorney(✓)___

**Defendant #3:**

**Individual**: FRISON, LPN_____ HATTIE_____ ( _____ ) _____ _____
             Last Name       First Name      Maiden Name, if Applicable   Middle Init.   Jr/Sr/III/IV

___Check (✓) if Individual Defendant is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:

    Estate of _____

___Check (✓) if Individual Defendant is acting in capacity as Business Owner/Operator (D/B/A) or State Agency, and enter that name below:

    D/B/A _____

**Business** _____
            Enter legal name of business, corporation, partnership, agency - If Corporation, indicate state where incorporated

___Check (✓) if Business Defendant is being sued in the name of an entity other than the name above, and enter below:

    D/B/A _____

**ATTORNEY FOR THIS DEFENDANT**: _____ Bar # or Name: _____ *Pro Hac Vice* (✓)___ Not an Attorney(✓)___

**Defendant #4:**

**Individual**: _____ _____ ( _____ ) _____ _____
             Last Name       First Name      Maiden Name, if Applicable   Middle Init.   Jr/Sr/III/IV

___Check (✓) if Individual Defendant is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:

    Estate of _____

___Check (✓) if Individual Defendant is acting in capacity as Business Owner/Operator (D/B/A) or State Agency, and enter that name below:

    D/B/A _____

**Business** _____
            Enter legal name of business, corporation, partnership, agency - If Corporation, indicate state where incorporated

___Check (✓) if Business Defendant is being sued in the name of an entity other than the above, and enter below:

    D/B/A _____

**ATTORNEY FOR THIS DEFENDANT**: _____ Bar # or Name: _____ *Pro Hac Vice* (✓)___ Not an Attorney(✓)___

**IN THE CIRCUIT COURT OF HINDS COUNTY, MISSISSIPPI**
**FIRST JUDICIAL DISTRICT**

**TASHI CATCHINGS, INDIVIDUALLY, AND**
**ON BEHALF OF AND FOR THE USE AND**
**BENEFIT OF THE WRONGFUL DEATH**
**BENEFICIARIES OF EVA ERVIN**                                          **PLAINTIFF**

**VS.**                                        **CIVIL ACTION NO.:** _23-1460_

**MANHATTAN NURSING AND**
**REHABILITATION CENTER, LLC, AURORA**
**CARES, LLC, HATTIE FRISON, LPN,**
**UNIDENTIFIED ENTITIES 1-10, AND JOHN**
**DOES 1-10 (as to MANHATTAN FACILITY)**                    **DEFENDANTS**

<u>**S U M M O N S**</u>

TO ANY LAWFUL OFFICER AUTHORIZED TO SERVE PROCESS:
YOU ARE HEREBY COMMANDED TO SUMMON:

      Manhattan Nursing and Rehabilitation Center, LLC
      4540 Manhattan Road
      Jackson, MS 39206

<u>**NOTICE TO DEFENDANT**</u>

      THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT
AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS BY FILING
YOUR ANSWER AS PROVIDED BY LAW AND/OR THE MISSISSIPPI RULES OF CIVIL
PROCEDURE.

      You are required to mail or hand-deliver a copy of a written response to the Complaint to
R. PAUL WILLIAMS, III, the attorney for the Plaintiff, whose post office address is Post Office
Box 23785, Jackson, Mississippi, 39225, and whose street address is 129B South President St.,
Jackson, Mississippi, 39201. Your response must be mailed or delivered within thirty (30) days
from the date of delivery of this Summons and Complaint or a judgment by default will be
entered against you for the money or other things demanded in the Complaint.

      You must also file the original of your response with the Clerk of this Court within a
reasonable time afterward.

      Issued under my hand and the seal of said Court, this the ___19___ day of May, 2023.

                    ZACK WALLACE,
                    CIRCUIT CLERK

                    BY:_____, D.C.

R. PAUL WILLIAMS, III (MSB #102345)
COURTNEY M. WILLIAMS (MSB# 102347)
MATT NEWMAN (MSB# 103654)
WILLIAMS NEWMAN WILLIAMS, PLLC
Post Office Box 23785
Jackson, Mississippi 39225
Tel:    (601) 949-5080
Fax:    (601) 949-3358

**IN THE CIRCUIT COURT OF HINDS COUNTY, MISSISSIPPI**
**FIRST JUDICIAL DISTRICT**

**TASHI CATCHINGS, INDIVIDUALLY, AND**
**ON BEHALF OF AND FOR THE USE AND**
**BENEFIT OF THE WRONGFUL DEATH**
**BENEFICIARIES OF EVA ERVIN**                                      **PLAINTIFF**

**VS.**                                          CIVIL ACTION NO.: 23-1460

**MANHATTAN NURSING AND**
**REHABILITATION CENTER, LLC, AURORA**
**CARES, LLC, HATTIE FRISON, LPN,**
**UNIDENTIFIED ENTITIES 1-10, AND JOHN**
**DOES 1-10 (as to MANHATTAN FACILITY)**                      **DEFENDANTS**

### S U M M O N S

TO ANY LAWFUL OFFICER AUTHORIZED TO SERVE PROCESS:
YOU ARE HEREBY COMMANDED TO SUMMON:

> Manhattan Nursing and Rehabilitation Center, LLC
> Registered Agent:  United Corporate Services, Inc.
> 248 East Capitol Street, Suite 840
> Jackson, MS 39201

### NOTICE TO DEFENDANT

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS BY FILING YOUR ANSWER AS PROVIDED BY LAW AND/OR THE MISSISSIPPI RULES OF CIVIL PROCEDURE.

You are required to mail or hand-deliver a copy of a written response to the Complaint to R. PAUL WILLIAMS, III, the attorney for the Plaintiff, whose post office address is Post Office Box 23785, Jackson, Mississippi, 39225, and whose street address is 129B South President St., Jackson, Mississippi, 39201. Your response must be mailed or delivered within thirty (30) days from the date of delivery of this Summons and Complaint or a judgment by default will be entered against you for the money or other things demanded in the Complaint.

You must also file the original of your response with the Clerk of this Court within a reasonable time afterward.

Issued under my hand and the seal of said Court, this the ___19___ day of May, 2023.

ZACK WALLACE,
CIRCUIT CLERK

BY:_____, D.C.


R. PAUL WILLIAMS, III (MSB #102345)
COURTNEY M. WILLIAMS (MSB# 102347)
MATT NEWMAN (MSB# 103654)
WILLIAMS NEWMAN WILLIAMS, PLLC
Post Office Box 23785
Jackson, Mississippi 39225
Tel:    (601) 949-5080
Fax:    (601) 949-3358

**IN THE CIRCUIT COURT OF HINDS COUNTY, MISSISSIPPI**
**FIRST JUDICIAL DISTRICT**

**TASHI CATCHINGS, INDIVIDUALLY, AND**
**ON BEHALF OF AND FOR THE USE AND**
**BENEFIT OF THE WRONGFUL DEATH**
**BENEFICIARIES OF EVA ERVIN**                                 **PLAINTIFF**

**VS.**                              **CIVIL ACTION NO.:** _23-1460_

**MANHATTAN NURSING AND**
**REHABILITATION CENTER, LLC, AURORA**
**CARES, LLC, HATTIE FRISON, LPN,**
**UNIDENTIFIED ENTITIES 1-10, AND JOHN**
**DOES 1-10 (as to MANHATTAN FACILITY)**                    **DEFENDANTS**

### S U M M O N S

TO ANY LAWFUL OFFICER AUTHORIZED TO SERVE PROCESS:
YOU ARE HEREBY COMMANDED TO SUMMON:

      Aurora Cares, LLC
      Registered Agent:  United Corporate Services, Inc.
      248 East Capitol Street, Suite 840
      Jackson, MS 39201

### NOTICE TO DEFENDANT

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS BY FILING YOUR ANSWER AS PROVIDED BY LAW AND/OR THE MISSISSIPPI RULES OF CIVIL PROCEDURE.

You are required to mail or hand-deliver a copy of a written response to the Complaint to R. PAUL WILLIAMS, III, the attorney for the Plaintiff, whose post office address is Post Office Box 23785, Jackson, Mississippi, 39225, and whose street address is 129B South President St., Jackson, Mississippi, 39201.  Your response must be mailed or delivered within thirty (30) days from the date of delivery of this Summons and Complaint or a judgment by default will be entered against you for the money or other things demanded in the Complaint.

You must also file the original of your response with the Clerk of this Court within a reasonable time afterward.

Issued under my hand and the seal of said Court, this the _____19_____ day of May, 2023.

                ZACK WALLACE,
                CIRCUIT CLERK

BY:_____, D.C.


R. PAUL WILLIAMS, III (MSB #102345)
COURTNEY M. WILLIAMS (MSB# 102347)
MATT NEWMAN (MSB# 103654)
WILLIAMS NEWMAN WILLIAMS, PLLC
Post Office Box 23785
Jackson, Mississippi 39225
Tel:    (601) 949-5080
Fax:    (601) 949-3358

**IN THE CIRCUIT COURT OF HINDS COUNTY, MISSISSIPPI**
**FIRST JUDICIAL DISTRICT**

TASHI CATCHINGS, INDIVIDUALLY, AND
ON BEHALF OF AND FOR THE USE AND
BENEFIT OF THE WRONGFUL DEATH
BENEFICIARIES OF EVA ERVIN                                   **PLAINTIFF**

VS.                                          CIVIL ACTION NO.: **23-1460**

MANHATTAN NURSING AND
REHABILITATION CENTER, LLC, AURORA
CARES, LLC, HATTIE FRISON, LPN,
UNIDENTIFIED ENTITIES 1-10, AND JOHN
DOES 1-10 (as to MANHATTAN FACILITY)                        **DEFENDANTS**

### S U M M O N S

TO ANY LAWFUL OFFICER AUTHORIZED TO SERVE PROCESS:
YOU ARE HEREBY COMMANDED TO SUMMON:

      Hattie Frison, LPN
      4540 Manhattan Road
      Jackson, MS 39206

### NOTICE TO DEFENDANT

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT
AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS BY FILING
YOUR ANSWER AS PROVIDED BY LAW AND/OR THE MISSISSIPPI RULES OF CIVIL
PROCEDURE.

You are required to mail or hand-deliver a copy of a written response to the Complaint to
R. PAUL WILLIAMS, III, the attorney for the Plaintiff, whose post office address is Post Office
Box 23785, Jackson, Mississippi, 39225, and whose street address is 129B South President St.,
Jackson, Mississippi, 39201. Your response must be mailed or delivered within thirty (30) days
from the date of delivery of this Summons and Complaint or a judgment by default will be
entered against you for the money or other things demanded in the Complaint.

You must also file the original of your response with the Clerk of this Court within a
reasonable time afterward.

Issued under my hand and the seal of said Court, this the _____ **19** _____ day of May, 2023.

                       ZACK WALLACE,
                       CIRCUIT CLERK

BY:_____, D.C.


R. PAUL WILLIAMS, III (MSB #102345)
COURTNEY M. WILLIAMS (MSB# 102347)
MATT NEWMAN (MSB# 103654)
WILLIAMS NEWMAN WILLIAMS, PLLC
Post Office Box 23785
Jackson, Mississippi 39225
Tel:    (601) 949-5080
Fax:    (601) 949-3358

```
MIME-Version:1.0
From:mec.nef@mec.ms.gov
To:mec.nef@mec.ms.gov
Message-Id:3355084@mec.ms.gov
Subject:Activity in Case 25CI1:23-cv-00348 CATCHINGS v. MANHATTAN NURSING AND
REHABILITATION CENTER LLC et al Case Transferred In from Another Court
```
Content-Type: text/html

**Zack Wallace**
**Hinds County Circuit Clerk**
**NOTICE OF ELECTRONIC CASE FILING**

<span style="color:red">This is an automatic e-mail message generated by the Mississippi Electronic Courts (MEC) system.</span>

The document described below has been docketed in MEC, and you are able to access it by clicking on the Document Number hyperlink. You may only access the document one time using the link provided in this e mail. Be sure to download and/or print a copy of each document during this first viewing. Subsequent viewing of the document after the first will require you to login and pay $.20 per page.

You may visit mec.ms.gov for further updates related to the project. For technical support, please contact the MEC help desk at 601-576-4650 or send an e-mail to helpdesk@mec.ms.gov.

**Mississippi Electronic Courts**

**Seventh Circuit Court District**

**Notice of Electronic Filing**

The following transaction was entered on 6/21/2023 at 10:50 AM CDT and filed on 6/21/2023

| | |
|---|---|
| **Case Name:** | CATCHINGS v. MANHATTAN NURSING AND REHABILITATION CENTER LLC et al |
| **Case Number:** | 25CI1:23-cv-00348 |
| **Filer:** | |
| **Document Number:** | 7 |

**Docket Text:**
**CASE TRANSFERRED IN Case Number 25CO1:23-cv-01460. Original file with documents numbered 1 - 6 , certified copy of transfer order, and docket sheet received. (Jones-Clay, Lakisha)**

**25CI1:23-cv-00348 Notice has been electronically mailed to:**

Richard Paul Williams, III    paul@wnwlegal.com, christina@wnwlegal.com, courtney@wnwlegal.com, kayla@wnwlegal.com, kristi@wnwlegal.com

**25CI1:23-cv-00348 Notice will be delivered by other means to:**

**25CI1:23-cv-00348 Parties to the Case:**

Case 5:23-cv-0048-WR-EK Document 1-0 Filed 06/21/2023 Page 2 of 2

The following document(s) are associated with this transaction: